UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANNY R. GAY,

    Plaintiff,

v.                                              Case No. 3:22cv10103-MCR-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Danny R. Gay, a pretrial detainee at the Escambia County Jail (the "Jail"), proceeding *pro se* and *in forma pauperis*, filed a civil-rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders requiring him to file an amended complaint and update this Court with his current address, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of his address.

On September 1, 2022, the Court entered an Order directing Plaintiff to file an amended complaint by October 3, 2022. ECF Doc. 6. The Court also advised Plaintiff: (1) he is required to update his address by filing a notice of change of address within seven (7) days of any change; and (2) his failure to comply with the Court's Order could result in a recommendation that this case be dismissed. *Id.* at 9. When no amended complaint was filed by October 13, 2022, the Court ordered Plaintiff to show cause by October 27, 2022, why the case should not be dismissed. ECF Doc. 7. In the same Order, the Court also noted that the Jail's website indicated Plaintiff was released from custody on September 20, 2022; yet, he had failed to apprise the Court of his new address. *Id.* at 1. As a courtesy, the Court instructed the clerk to mail a copy of the October 13 Order to Plaintiff's release address: 251 Northfork Road, Brewton, Alabama 36426. To this date, Plaintiff has failed to file an amended complaint, notice of voluntary dismissal, or any response to the Court's Order to show cause and has not updated his address with the Court. Indeed, Plaintiff has not filed anything with the Court since initiating this action over three (3) months ago.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) (affirming dismissal

under Rule 41(b) for failure to comply with the district court's order instructing plaintiff how to amend the complaint); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute."). In addition to its Rule 41(b) powers, a district court can also dismiss a case under its inherent authority to "manage its own docket," "enforce its orders," and "ensure the prompt disposition of lawsuits." *Equity*, 556 F. 3d at 1240; *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006).

    Here, Plaintiff's failure to keep the Court apprised of his address, failure to comply with Court orders, and failure to prosecute each provide an independent basis for dismissal under both Rule 41 and the Court's inherent authority. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming lower court's dismissal where plaintiff failed to update his address or communicate with the court); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case where "plaintiff ha[d] been on notice of his duty to advise the court of any change in his mailing address . . . since the commencement of his case" and noting "[i]t is a poor use of judicial resources to contend with 'non-litigating' or 'disappearing' plaintiffs").

Accordingly, it is ORDERED:

1. The clerk is directed to send a copy of this Report and Recommendation, as a matter of courtesy only, to the address reported for Plaintiff by the Florida Department of Corrections: 7511 Jamesville Road, Pensacola, Florida 32526. The clerk shall not, however, update Plaintiff's address on the docket unless and until the clerk receives a written notice of change of address from Plaintiff.

And it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of his address.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 7th day of November, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.